UNITED STATES DISTRICT COURT

Northern District of California

BISMARCK F. DINIUS,

          Plaintiff(s),

v.

RUSSELL L. PERDOCK, *et al.,*

          Defendants.

_____/

No. C 10-03498 MEJ

**QUESTIONS FOR AUGUST 11, 2011 HEARING**

To assist the Court in its consideration of the pending Motions to Dismiss, the Court issues the following questions for the parties to address at the August 11, 2011 hearing. These parties should use these questions as a guide for framing their oral argument before the Court. However, the parties will not be restricted to addressing these questions.

**A.**    **General Questions for the Parties**

    1.    In *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011), the Ninth Circuit stated: "To maintain a § 1983 claim for malicious prosecution, a plaintiff must show that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her [a] specific constitutional right." Based on this articulation, the objective of a malicious prosecution must be the denial of a constitutional right. Nevertheless, in *Smith*, the plaintiff alleged that the officer's false statements and failure to disclose material information to the prosecutor caused his malicious prosecution, which the Ninth Circuit apparently permitted.

    **In this case, has Plaintiff alleged that Defendants prosecuted him "for the purpose of denying [him] a specific constitutional right" or has Plaintiff alleged that the constitutional violations resulted in him being malicious prosecuted?**

2. **Does *Albright*'s holding that there is no cause of action for malicious prosecution under § 1983 for a violation of substantive due process rights only apply in situations where the violation alleged falls within the ambit of the Fourth Amendment's protections?** *Awabdy* seems to leave the door open to the possibility that a malicious prosecution claim may be based on rights protected under the 14th Amendment, other than one for prosecution without probable cause, which was foreclosed on in *Albright*. Further, although the Ninth Circuit has not squarely addressed the issue, several other Circuits have permitted § 1983 malicious prosecution claims after *Albright* based on 14th Amendment substantive due process violations when the right is not one protected by the Fourth Amendment. *See, e.g., Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001) (noting "§ 1983 malicious prosecution claims may still be available pursuant to the Fourteenth Amendment's substantive due process rights" in cases that do not involve a Fourth Amendment seizure); *Torres v. McLaughlin*, 163 F.3d 169, 173 (3d Cir. 1998) (reasoning *Albright* forecloses substantive due process analysis only if the claim "is covered by the Fourth Amendment"); *Moran v. Clarke*, 296 F.3d 638, 647 (8th Cir. 2002) (concluding that *Albright* did not foreclose a substantive due process claim because "[a]lthough the Fourth Amendment covers seizures, which would be satisfied by [the plaintiff's] arrest, law enforcement's intentional creation of damaging facts would not fall within its ambit."); *Castellano v. Fragozo*, 352 F.3d 939, 942, 959 (presenting perjury and manufactured evidence at trial violated substantive due process rights, and *Albright* did not apply because events at trial are outside the Fourth Amendment's scope); *Jean v. Collins*, 107 F.3d 1111, 1114-15 (4th Cir. 1997) ("*Albright* does not preclude [this] cause of action because the right to disclosure of exculpatory evidence is grounded directly in the Due Process Clause itself [rather than the Fourth Amendment]."), *vacated on other grounds by* 526 U.S. 1142 (1999).

**How do the parties square these decisions with *Awabdy and Albright*?**

///
///
///
///

2

**B.      Defendant Perdock's Motion to Dismiss**

1. With respect to Plaintiff's § 1983 claim for malicious prosecution, Defendant Perdock argues that under *Albright* and *Awabdy*, the claim cannot be based on an alleged deprivation of substantive due process rights under the 14th Amendment. Rather, to sustain his claim, Plaintiff must allege infringement of a specific constitutional right other than the right to substantive due process. Mot. at 6.

In his Opposition, Plaintiff argues that his § 1983 malicious prosecution claim is premised on violation of "at least three of his specific *procedural* due process rights: (1) the right to be free from charging and prosecution based on deliberately fabricated false evidence; (2) the right to disclosure of material evidence possessed by the government and favorable to the accused; and (3) the right to governmental preservation and disclosure of evidence potentially useful to the accused." Opp'n at 7. Plaintiff further argues that his § 1983 claim must be analyzed under the rubric applicable to "substantive due process violations." *Id*.

**Are the three rights Plaintiff identifies properly characterized as procedural or substantive due process rights?**

**Does Plaintiff have any authority recognizing a malicious prosecution claim under § 1983 based on these specific violations?**

2. In his Opposition, Plaintiff indicates that he is asserting claims under § 1983 for "conspiracy to fabricate evidence," "malicious prosecution conspiracy," "*Brady* conspiracy," and *"Youngblood* conspiracy." Defendant Perdock contends the conspiracy claims should be dismissed because Plaintiff has failed to allege sufficient facts regarding conspiracy. In response, Plaintiff contends that he has stated sufficient facts to bring Defendant within an alleged conspiracy with respect to each of the theories, and proffers general citations to multiple paragraphs in his Amended Complaint without any specific discussion as to what facts support his claim that Defendant Perdock - or any of the other Defendants for that matter – were engaged in a conspiracy to violate his rights.

**Plaintiff should be prepared to point to the specific allegations in his pleading that**

UNITED STATES DISTRICT COURT
For the Northern District of California

**support his conspiracy claims.**

3.  Defendant Perdock argues that Plaintiff's malicious prosecution claim fails because Plaintiff has not and cannot allege facts necessary to establish that his prosecution was initiated without probable cause. Plaintiff, however, argues that he has pled that Perdock and others knowing or recklessly fabricated false evidence against him.

**Under *Awabdy*, why isn't this sufficient to rebut the presumption of probable cause?**

**Do any of Plaintiff's allegations rebut a finding of probable cause with respect to the charge of felony boating under the influence?**

**Are Plaintiff's allegations about the sailboat lights material to his boating under the influence charge?**

**Because this inquiry is fact-driven, is this an issue that is properly determined at the 12(b)(6) stage or is it an issue that is more appropriate for summary judgment?**

4.  With respect to Plaintiff's § 1983 claim based upon a *Brady* violation, one of the elements Plaintiff must allege and eventually prove is that the evidence "is material in that there is a reasonable probability that the disclosure would have produced a different result in the criminal trial." *Walker v. County of Santa Clara*, 2007 WL 1201789, at *9 (N.D. Cal. Apr. 23, 2007) (citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)). Defendant argues that Plaintiff cannot allege facts to satisfy this element because one charge against Plaintiff was dismissed and the jury acquitted Plaintiff of the other charge. Reply at 7.

**How does Plaintiff respond to this challenge?**

5.  As to Plaintiff's § 1983 claim for a *Youngblood* violation, given that Defendant Perdock made statements to those investigating the accident and submitted to a blood-alcohol test, **what evidence did Perdock fail to collect, preserve, or disclose that would support a *Youngblood* violation?**

4

**C.     Defendant Slabaugh's Motion to Dismiss**

1.     Defendant Slabaugh argues that he is entitled to qualified immunity with respect to Plaintiff's § 1983 claim.  While Defendant Slabaugh identifies the two-pronged test to determine whether qualified immunity applies, he neglects to address either one in his discussion.  In particular, Plaintiff contends that his right not to be subjected to criminal charges on the basis of false evidence that was deliberately or recklessly fabricated by the government is a clearly-established constitutional right.  Plaintiff also contends that he has pled facts giving rise to the inference that Slabaugh was "plainly incompetent" in investigating and recommending two felony charges against Plaintiff, thereby taking him outside the scope of qualified immunity.  **What is Defendants Slabaugh's response?**

2.     With respect to Plaintiff's § 1983 claim based on falsification of evidence, has Plaintiff alleged any instance of falsification aside from the allegation that Defendant Slabaugh "knowingly falsely characterized Mr. Elmer's observations regarding the Sailboat's navigation lights"?

3.     What specific facts has Plaintiff alleged that support his claim that Defendant Slabaugh conspired with the other Defendants – with respect to the falsification of evidence and with respect to the prosecution of Plaintiff?  Particularly, while Plaintiff criticizes Defendant Slabaugh's investigation, how is this indicia of a conspiracy with the other Defendants?

**D.     Lake County Defendants' Motion to Dismiss**

1.     Defendant Hopkins argues that he is entitled to absolute prosecutorial immunity with respect to Plaintiff's § 1983 claim.  Plaintiff, however, contends that he has alleged conduct by Defendant Hopkins that falls outside the scope of conduct that could be covered by immunity, including making false statements in a press release and participating in a conspiracy with the other Defendants.  **What specific facts has Plaintiff alleged regarding Defendant Hopkins involvement**

**in the conspiracy?  Given that the press release made during the trial, why doesn't this act fall within the scope of Defendant Hopkins' prosecutorial duties?**

2. The County Defendants argue that they are immune from Plaintiff's intentional infliction of emotional distress claim pursuant to California Government Code § 821.6.  Plaintiff, however, argues that he has pled that "[c]orrupt motives, rather than the pursuit of justice of legitimate activity within the scope of their employment, busied defendants' conduct."  **Is this allegation sufficient to survive Defendants' 12(b)(6) challenge?  Beyond this conclusory statement, has Plaintiff pled any facts indicating that the County Defendants were acting outside the scope of their employment?**

Dated: August 10, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT

Northern District of California

BISMARCK F. DINIUS,

              Plaintiff(s),

   v.

RUSSELL L. PERDOCK, *et al.,*

             Defendants.
_____/

No. C 10-03498 MEJ

**QUESTIONS FOR AUGUST 11, 2011 HEARING**

     To assist the Court in its consideration of the pending Motions to Dismiss, the Court issues the following questions for the parties to address at the August 11, 2011 hearing. These parties should use these questions as a guide for framing their oral argument before the Court. However, the parties will not be restricted to addressing these questions.

**A.**     **General Questions for the Parties**

    1.     In *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011), the Ninth Circuit stated: "To maintain a § 1983 claim for malicious prosecution, a plaintiff must show that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her [a] specific constitutional right." Based on this articulation, the objective of a malicious prosecution must be the denial of a constitutional right. Nevertheless, in *Smith*, the plaintiff alleged that the officer's false statements and failure to disclose material information to the prosecutor caused his malicious prosecution, which the Ninth Circuit apparently permitted.

    **In this case, has Plaintiff alleged that Defendants prosecuted him "for the purpose of denying [him] a specific constitutional right" or has Plaintiff alleged that the constitutional violations resulted in him being malicious prosecuted?**

2. **Does *Albright*'s holding that there is no cause of action for malicious prosecution under § 1983 for a violation of substantive due process rights only apply in situations where the violation alleged falls within the ambit of the Fourth Amendment's protections?** *Awabdy* seems to leave the door open to the possibility that a malicious prosecution claim may be based on rights protected under the 14th Amendment, other than one for prosecution without probable cause, which was foreclosed on in *Albright*. Further, although the Ninth Circuit has not squarely addressed the issue, several other Circuits have permitted § 1983 malicious prosecution claims after *Albright* based on 14th Amendment substantive due process violations when the right is not one protected by the Fourth Amendment. *See, e.g., Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001) (noting "§ 1983 malicious prosecution claims may still be available pursuant to the Fourteenth Amendment's substantive due process rights" in cases that do not involve a Fourth Amendment seizure); *Torres v. McLaughlin*, 163 F.3d 169, 173 (3d Cir. 1998) (reasoning *Albright* forecloses substantive due process analysis only if the claim "is covered by the Fourth Amendment"); *Moran v. Clarke*, 296 F.3d 638, 647 (8th Cir. 2002) (concluding that *Albright* did not foreclose a substantive due process claim because "[a]lthough the Fourth Amendment covers seizures, which would be satisfied by [the plaintiff's] arrest, law enforcement's intentional creation of damaging facts would not fall within its ambit."); *Castellano v. Fragozo*, 352 F.3d 939, 942, 959 (presenting perjury and manufactured evidence at trial violated substantive due process rights, and *Albright* did not apply because events at trial are outside the Fourth Amendment's scope); *Jean v. Collins*, 107 F.3d 1111, 1114-15 (4th Cir. 1997) ("*Albright* does not preclude [this] cause of action because the right to disclosure of exculpatory evidence is grounded directly in the Due Process Clause itself [rather than the Fourth Amendment]."), *vacated on other grounds by* 526 U.S. 1142 (1999).

**How do the parties square these decisions with *Awabdy and Albright*?**

/ / /
/ / /
/ / /
/ / /

**B.      Defendant Perdock's Motion to Dismiss**

1.      With respect to Plaintiff's § 1983 claim for malicious prosecution, Defendant Perdock argues that under *Albright* and *Awabdy*, the claim cannot be based on an alleged deprivation of substantive due process rights under the 14th Amendment.  Rather, to sustain his claim, Plaintiff must allege infringement of a specific constitutional right other than the right to substantive due process. Mot. at 6.

In his Opposition, Plaintiff argues that his § 1983 malicious prosecution claim is premised on violation of "at least three of his specific *procedural* due process rights: (1) the right to be free from charging and prosecution based on deliberately fabricated false evidence; (2) the right to disclosure of material evidence possessed by the government and favorable to the accused; and (3) the right to governmental preservation and disclosure of evidence potentially useful to the accused."  Opp'n at 7. Plaintiff further argues that his § 1983 claim must be analyzed under the rubric applicable to "substantive due process violations."  *Id*.

**Are the three rights Plaintiff identifies properly characterized as procedural or substantive due process rights?**

**Does Plaintiff have any authority recognizing a malicious prosecution claim under § 1983 based on these specific violations?**

2.      In his Opposition, Plaintiff indicates that he is asserting claims under § 1983 for "conspiracy to fabricate evidence," "malicious prosecution conspiracy," "*Brady* conspiracy," and "*Youngblood* conspiracy."  Defendant Perdock contends the conspiracy claims should be dismissed because Plaintiff has failed to allege sufficient facts regarding conspiracy.  In response, Plaintiff contends that he has stated sufficient facts to bring Defendant within an alleged conspiracy with respect to each of the theories, and proffers general citations to multiple paragraphs in his Amended Complaint without any specific discussion as to what facts support his claim that Defendant Perdock - or any of the other Defendants for that matter – were engaged in a conspiracy to violate his rights.

**Plaintiff should be prepared to point to the specific allegations in his pleading that**

3

1  **support his conspiracy claims.**

3     3.     Defendant Perdock argues that Plaintiff's malicious prosecution claim fails because Plaintiff has not and cannot allege facts necessary to establish that his prosecution was initiated without probable cause. Plaintiff, however, argues that he has pled that Perdock and others knowing or recklessly fabricated false evidence against him.

**Under *Awabdy*, why isn't this sufficient to rebut the presumption of probable cause?**

**Do any of Plaintiff's allegations rebut a finding of probable cause with respect to the charge of felony boating under the influence?**

**Are Plaintiff's allegations about the sailboat lights material to his boating under the influence charge?**

**Because this inquiry is fact-driven, is this an issue that is properly determined at the 12(b)(6) stage or is it an issue that is more appropriate for summary judgment?**

15    4.     With respect to Plaintiff's § 1983 claim based upon a *Brady* violation, one of the elements Plaintiff must allege and eventually prove is that the evidence "is material in that there is a reasonable probability that the disclosure would have produced a different result in the criminal trial." *Walker v. County of Santa Clara*, 2007 WL 1201789, at *9 (N.D. Cal. Apr. 23, 2007) (citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)). Defendant argues that Plaintiff cannot allege facts to satisfy this element because one charge against Plaintiff was dismissed and the jury acquitted Plaintiff of the other charge. Reply at 7.

**How does Plaintiff respond to this challenge?**

24    5.     As to Plaintiff's § 1983 claim for a *Youngblood* violation, given that Defendant Perdock made statements to those investigating the accident and submitted to a blood-alcohol test, **what evidence did Perdock fail to collect, preserve, or disclose that would support a *Youngblood* violation?**

**C.     Defendant Slabaugh's Motion to Dismiss**

1. Defendant Slabaugh argues that he is entitled to qualified immunity with respect to Plaintiff's § 1983 claim. While Defendant Slabaugh identifies the two-pronged test to determine whether qualified immunity applies, he neglects to address either one in his discussion. In particular, Plaintiff contends that his right not to be subjected to criminal charges on the basis of false evidence that was deliberately or recklessly fabricated by the government is a clearly-established constitutional right. Plaintiff also contends that he has pled facts giving rise to the inference that Slabaugh was "plainly incompetent" in investigating and recommending two felony charges against Plaintiff, thereby taking him outside the scope of qualified immunity. **What is Defendants Slabaugh's response?**

2. With respect to Plaintiff's § 1983 claim based on falsification of evidence, has Plaintiff alleged any instance of falsification aside from the allegation that Defendant Slabaugh "knowingly falsely characterized Mr. Elmer's observations regarding the Sailboat's navigation lights"?

3. What specific facts has Plaintiff alleged that support his claim that Defendant Slabaugh conspired with the other Defendants – with respect to the falsification of evidence and with respect to the prosecution of Plaintiff? Particularly, while Plaintiff criticizes Defendant Slabaugh's investigation, how is this indicia of a conspiracy with the other Defendants?

**D.     Lake County Defendants' Motion to Dismiss**

1. Defendant Hopkins argues that he is entitled to absolute prosecutorial immunity with respect to Plaintiff's § 1983 claim. Plaintiff, however, contends that he has alleged conduct by Defendant Hopkins that falls outside the scope of conduct that could be covered by immunity, including making false statements in a press release and participating in a conspiracy with the other Defendants. **What specific facts has Plaintiff alleged regarding Defendant Hopkins involvement**

**in the conspiracy?  Given that the press release made during the trial, why doesn't this act fall within the scope of Defendant Hopkins' prosecutorial duties?**

2. The County Defendants argue that they are immune from Plaintiff's intentional infliction of emotional distress claim pursuant to California Government Code § 821.6.  Plaintiff, however, argues that he has pled that "[c]orrupt motives, rather than the pursuit of justice of legitimate activity within the scope of their employment, busied defendants' conduct."  **Is this allegation sufficient to survive Defendants' 12(b)(6) challenge?  Beyond this conclusory statement, has Plaintiff pled any facts indicating that the County Defendants were acting outside the scope of their employment?**

Dated: August 10, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge